UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KATRINA SIMMONS JOSEPH** | : | **DOCKET NO. 05-0149** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **COX COMMUNICATION LOUISIANA, L.L.C.** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

On, or about November 30, 2003, Katrina Simmons Joseph left Willie James's apartment and tripped and fell on some hidden wires on the sidewalk about 7-8 feet away. (Petition, ¶ 2; Joseph Depo., Def. Exh. A). As a result of the fall, Joseph injured her neck, back, knee, and leg. (Petition, ¶ 5). Accordingly, on November 30, 2004, Joseph filed the instant suit against defendants, Cox Communications Louisiana, L.L.C. ("Cox"), Willie James, and One Unknown Employee of Cox Communications, L.L.C., in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Plaintiff's suit seeks recovery for damages stemming from the November 30, 2003, accident. (Petition, ¶ 5).

On January 26, 2005, Cox removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a citizen of Louisiana. (Notice of Removal, ¶ 3). Cox is a Delaware corporation, with its principal place of business in Georgia. (Notice of Removal, ¶ 4). The citizenship of One Unknown Employee is disregarded because he is a fictitious party. 28 U.S.C. § 1441(a). Willie James, however, is a Louisiana domiciliary. (Petition, ¶ 1). To circumvent the patent lack of diversity between plaintiff and Willie James, removing defendant contends that plaintiff has no reasonable possibility of recovery against the non-diverse defendant, and that his presence must be disregarded for purposes of determining

diversity (*i.e.* improper or "fraudulent" joinder). (*See*, Notice of Removal, ¶ 4).

Almost three months after removal, no motion to remand had been filed due to the presence of the non-diverse defendant. Accordingly, on April 22, 2005, the court noted the presence of the non-diverse individual defendant and Cox's allegation that he had been improperly joined. (*See*, April 22, 2005, Minute Entry).[1] The parties were notified that the court was considering the entry of summary judgment *sua sponte* in favor of the non-diverse defendant, – provided that plaintiff had no reasonable possibility of recovery against said defendant. *Id*.[2] We further stated that if it was determined that plaintiff had a reasonable possibility of recovery against the non-diverse defendant, then the case would be remanded to state court. *Id*. The parties were allotted fifteen calendar days to submit any relevant briefs and/or competent summary judgment evidence. *Id*. The time has since elapsed, and only defendant has filed a brief. The matter is now before the court.

## Improper Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). If jurisdiction is alleged on the basis that non-diverse parties have been improperly joined, then the

---

[1] We also questioned whether it was facially apparent that the amount in controversy exceeded the jurisdictional minimum. (April 22, 2005, Minute Entry). Removing defendant was allotted 15 days to file an amended notice of removal which set forth facts that support a finding that the requisite jurisdictional amount was in controversy. Plaintiff was to file any opposition within the same period. We have reviewed the amended notice, and find that defendant has established that the amount in controversy exceeded the jurisdictional minimum at the time of removal.

[2] *See*, *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990)("[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery").

removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Here, it is not disputed that Willie James is a citizen of Louisiana for purposes of diversity. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra*. In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra*.

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[3] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id*.

Finally, when the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state/non-diverse defendant, and that

---

[3] In other words, facts that can be easily disproved if not true. *Id*.

3

showing necessarily compels the same result as to all the non-resident/diverse defendants rather than to the in-state/non-diverse defendant alone, then the requisite showing has not been made, and there is no improper joinder. *Smallwood, supra*. If the foreign/diverse defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id*.

Discussion

In her petition, plaintiff alleges that James was negligent for: maintaining a dangerous condition, failing to warn, and failing to maintain a proper lookout for plaintiff's safety. (Petition, ¶ 7). However, Cox has adduced uncontroverted evidence that the wires that plaintiff tripped on were owned by Cox. (*See*, Joseph Depo., pgs. 38-40, 44-45; Def. Exh. A). Moreover, plaintiff alleged that the wires were placed there by a Cox employee. (Petition, ¶ 4). Finally, plaintiff stated that the accident occurred on a sidewalk that was not in front of James's apartment. (Joseph Depo., pg. 29). Thus, James could not have owed a duty to remedy the dangerous condition.

In any event, plaintiff admitted that the wires were hidden, and could not be seen because of all the dirt and grass. (Petition, ¶ 4; Joseph Depo., pg. 39). Accordingly, James could not have known that the wires were there, and he therefore, breached no duty to warn or to maintain a proper lookout. Thus, plaintiff has no reasonable possibility of recovery against James.

Having found that plaintiff has no reasonable possibility of recovery against the non-diverse defendant, his presence must be disregarded for purposes of determining diversity. The remaining parties are completely diverse. We may properly exercise subject matter jurisdiction. 28 U.S.C. § 1332.

As noted by the Fifth Circuit, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*,

893 F.2d 98, 102 (5th Cir.1990). We have found that plaintiff has no reasonable possibility of recovery against defendant, Willie James. Accordingly, it is appropriate to enter summary judgment in favor of said defendant, dismissing with prejudice plaintiff's claims against him.

For the foregoing reasons,

IT IS RECOMMENDED that judgment be entered in favor of defendant, Willie James, dismissing with prejudice plaintiff's claims against said defendant only.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of June, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE